J. A. PINCHBACK & CO., v. BESSEMER MINING CO.

*Contract—Principal and Agent—Authority of Agent to Contract—Trial—Evidence.*

H., as agent of defendant corporation, made a contract with plaintiff to clean out certain streets for the defendant. After plaintiff had performed part of the work, H wrote to him as follows : "In relation to your personal application for permission to clean out the streets and wait for the money, which has been appropriated by the directors, I have to say: Article 2d of the by-laws reads 'the Board of Directors shall have entire control and management of the property and affairs of the company.' The resolution reads as follows : 'Authorized and directed to expend 50 per cent. up to $1,000 of the receipts from the sale of lots in improvement of streets and avenues.' The by-laws and resolutions admit of but one construction. I have no authority, express or implied, to anticipate the expenditure of one dollar until I have the money in hand to do it with, nor do I wish to encourage the expenditure of money on your part by a *quasi* agreement on the part of the company through me. I therefore suggest that you await the action of the   *   *   *   directors, if you desire to change in any manner the carrying out of the resolution as adopted. I am amenable to the   *   *   * directors for my action, and hence it is impossible for me to deviate from their instruction. I cannot assume to put a construction on any resolution, nor seek to accomplish a result in any other manner than as strictly prescribed by authority. It is the literal carrying out of the instruction of the board which must be my guide, without regard to my personal opinion or judgment.   *   *   *   [Signed] H., Special Agent." *Held,* that there was sufficient evidence of the authority of H. to make the contract to take the case to the jury.

This was a CIVIL ACTION, commenced before a justice of the peace, and brought by appeal to the Superior Court of GASTON county, and tried before his Honor, *E. W. Timberlake, Judge,* and a jury, at September Term, 1895, of GASTON County Superior Court.

The jury being empanelled to try the case, the court submitted to them the following issue, to-wit:

"Is the defendant indebted to the plaintiff, if so, how much?"

To which the jury, under the charge of the court, returned a verdict of seven dollars and twenty-four cents ($7.24), as appears of record.

On the trial, the plaintiff testified in his own behalf that under a contract made between himself (J. A. Pinchbach) in behalf of J. A. Pinchbach and Company, with one L. L. Hotchkiss, agent of the defendant company, about 10th day of December, 1892, he did the work and labor sued for.

On cross-examination of the witness (plaintiff) he admitted that he was a stockholder in the defendant corporation, and said L. L. Hotchkiss was known and designated by the title of "Special Agent." That, on December 17, 1895, he received from said L. L. Hotchkiss a letter, which is set out in the opinion of Associate Justice FURCHES.

The plaintiff further testifies that, prior to the receipt of said letter from L. L. Hotchkiss, Special Agent, he had done work for which the defendant was chargeable, amounting to seven dollars and twenty-four cents ($7.24).

The plaintiff further testified, that L. L. Hotchkiss acted as agent for the said defendant company in a general manner, receiving moneys due the company and receipting for same, and drawing checks in payment of the debts of the company.

The plaintiff further testified that the term "Special Agent" was a title given the said L. L. Hotchkiss to designate this position, as an officer or employee of the said company, and did not imply, nor intend to imply that he could only perform special duties, as claimed by the defendant.

PINCHBACK *v.* MINING CO.

The court charged the jury that, upon the evidence, the plaintiff could not recover any more than the seven dollars and twenty-four cents ($7.24), with interest from December 17th, 1892, and directed the jury to find the issue accordingly.    To this charge and direction the plaintiff excepted. Verdict for plaintiff for $7.24 and interest.  From the judgment the plaintiff appealed.

*Mr. C. P. Moore*, for plaintiffs (appellants).
*Mr. W. A. Guthrie*, for defendant.

FURCHES, J.:    This is an action upon contract for work and labor done.    Defendant filed no answer or plea of any kind.    On the trial plaintiff testified that the work sued for was done under a contract with L. L. Hotchkiss, agent of defendant company, about the 10th of December, 1892. This testimony is not contradicted.    And if it had been, the court could not have held it was not true, and it would have presented a question for the jury.    The only evidence defendant introduced was a copy of a letter from L. L. Hotchkiss to the plaintiff, dated December 17, 1892, which is as follows: "Bessemer City, N. C., Dec. 17, 1892.—Mr. Pinchback, Dear Sir: In relation to your personal application for permission to clean out Maryland, Washington, Virginia, Alabama, Georgia and Louisiana Avenues, and 10th, 11th, 12th, and 14th streets, between the Avenues named, and wait for the money which has been appropriated by the Directors, I have to say, Article 2d of the By-Laws, reads :

" 'The Board of Directors shall have entire control and managemant of the property and affairs of the Company.' "

"The resolution reads as follows :

" 'Authorized and directed to expend 50 per cent, up to

PINCHBACK *v.* MINING CO.

$1,000, of the receipts from the sale of lots in improvement of streets and avenues.'

"The by-laws and resolution admit of but one construction. I have no authority, express or implied, to anticipate the expenditure of one dollar until I have the money in hand to do it with, nor do I wish to encourage the expenditure of money on your part by a *quasi* agreement on the part of the company through me. I, therefore, suggest that you await the action of the Board of Directors if you desire to change in any manner, the carrying out of the resolution as adopted. I am amenable to the Board of Directors for my action, and hence it is impossible for me to deviate from their instruction. I cannot assume to put a construction on any resolution, nor seek to accomplish a result in any other manner than as strictly prescribed by authority. It is the literal carrying out of the instruction of the Board which must be my guide, without regard to my personal opinion or judgment.

"Respectfully submitted,

"L. L. HOTCHKISS, *Special Agent.*"

Plaintiff then testified that $7.24 worth of the work, for which the action was brought, was done before he received this letter.

It was not denied that the work was done by plaintiff and that it amounted to the sum claimed. But defendant contended that this letter shows that Hotchkiss had no authority to make the contract with plaintiff; that it was in excess of his authority as agent, and *ultra vires.* And if this is not true, it discharged defendants from the obligation of the contract from the time it was received by plaintiff.

And this is evidently the construction his Honor put upon it in holding that plaintiff was entitled to recover for the work done before that time ($7.24). We do not think

this letter had the effect claimed for it, as a matter of law. It virtually admits the contract. It is true it calls it " a *quasi* agreement on the part of the company, through me." It suggests to the plaintiff not to proceed under it, until a meeting of the directors. It construes the resolution of the Board not to authorize him to make the contract. It discloses the fact that the work plaintiff did was under the control of defendant, and also of Hotchkiss, as defendant's agent. It is true he signs his name as special agent, and if this is true, there is more evidence of his being a special agent for this particular work than for anything else. Then, if the agency of Hotchkiss extended to this work, whether as general or special agent he had the right to contract with the plaintiff, and defendant would be bound thereby. *Clowe* v. *Pine Product Co.*, 114 N. C., 304. So, without undertaking now to decide what the right of the parties may be when this matter of agency and the terms, extent and conditions of the contract are fully developed by the evidence, we hold that there is sufficient evidence of a contract appearing from the evidence of plaintiff, to entitle him to have the question submitted to the jury. As the record comes to us, it is not a case in which the court was authorized, as a matter of law, to direct the finding of the jury, and there must be a new trial.

New Trial.